UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ERIC SIMMONS,

    Plaintiffs,

v.                                            Case No.: _____

G & S ELECTRICAL OF NORTHWEST
FLORIDA, LLC and GEORGE D.
SITTON, IV,

    Defendants.
_____/

## INITIAL COMPLAINT

COMES NOW the plaintiff, Eric Simmons, by and through his undersigned counsel, and hereby files this Initial Complaint against defendants, G & S Electrical of Northwest Florida, LLC and George D. Sitton, IV, and alleges:

### I. Jurisdiction and Venue

1. This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1331 insofar as claims arise under the Fair Labor Standards Act (FLSA), codified at 29 U.S.C. § 201, *et seq*. This Court also has supplemental/pendent jurisdiction over plaintiff's state law claim.

2. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) and (c) because the claims arose in this district; defendants have an office and

operate in this district; plaintiff was employed, paid, and worked in this district; all causes of action accrued in this district; and defendants are subject to personal jurisdiction in this district.

## *II.  Parties*

3. At all times relevant hereto, plaintiff, Eric Simmons (hereinafter at times "Simmons"), was an employee of defendants.

4. At all times relevant hereto, defendant G & S Electrical of Northwest Florida, LLC (hereinafter at times "G & S"), employed two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that have moved in interstate or foreign commerce, and upon information and belief has had gross sales made or business done of not less than $500,000 per year.

5. Defendant G & S is subject to, and not exempt from, the FLSA.

6. Defendant George D. Sitton, IV (hereinafter at times "Sitton") was at all times relevant hereto a member of G & S, exercised control over G & S' operations, and played a substantial role in determining the terms and conditions of plaintiffs' employment with G & S.

7. Defendant Sitton is subject to, and not exempt from, the FLSA.

### III. Factual Allegations

8. Simmons began working for defendants in Pensacola, Florida in or around early May 2022. He performed electrical work for defendants, and he was to be compensated at an hourly rate.

9. At all times material hereto Simmons was an "employee" of defendants within the meaning of the FLSA.

10. At all times material hereto defendant G & S was an "employer" of Simmons within the meaning of the FLSA.

11. At all times material hereto defendant Sitton was an "employer" of Simmons within the meaning of the FLSA.

12. In performing duties for defendants, Simmons typically reported for work on workday mornings at defendants' office on Blackbird Lane in Pensacola, Florida. After completing any necessary tasks to prepare for the day's job assignment/s, Simmons would be sent to one or more job sites, where he would perform electrical work for defendant.

13. At the end of the workday, Simmons would secure the job site on which he was working, load equipment onto a vehicle as appropriate, and travel back to defendants' facilities on Blackbird Lane, where the vehicle (if traveling in a company vehicle, as was generally the case) would be parked overnight.

Additionally, any equipment which needed unloading would be unloaded, the vehicle would be cleaned as appropriate, and Simmons would depart the premises.

14. Despite the fact that the time between his arrival at work and his departure at the end of the workday constituted "hours worked," defendants did not compensate him for all of his hours worked.

15. In fact, defendants had a policy and practice of not paying Simmons and others for their time after they left their last work site of the day.

16. Simmons routinely worked in excess of 40 hours per week. Nevertheless, defendants failed to pay him premium pay for all of his overtime hours worked.

17. By failing to pay Simmons for all of his "hours worked," defendants avoided paying him overtime wages to which he was entitled.

18. By failing to pay Simmons for various hours which constituted work, defendants also failed to pay him the hourly wage they had agreed to pay him.

### IV.  Count I  -- Violation of Fair Labor Standards Act (Overtime)

19. Plaintiff realleges and incorporates herein paragraphs 1 through 17, above.

20. Defendants are subject to, and not exempt from, the provisions of the

FLSA.

21. Plaintiff was entitled to, and not exempt from, the protections and provisions of the FLSA. Additionally, there were no exemptions under the FLSA which were applicable to plaintiff.

22. Throughout plaintiff's employment with defendants, defendants were fully aware of the FLSA and the obligations imposed by it to pay plaintiff overtime wages when he worked in excess of forty (40) hours in a workweek.

23. Nevertheless, defendants willfully and intentionally failed and refused to properly compensate plaintiff and pay him overtime wages as owed. Such conduct of defendants constituted a violation of the FLSA, as well as a willful and intentional violation thereof.

24. As a result of defendants' violation of the FLSA, plaintiff has been denied compensation for his overtime labor at the legally required rate.

25. Moreover, plaintiff has had to retain an attorney in order to collect the legally required overtime wages owed to him by defendant.

WHEREFORE, plaintiff demands judgment against defendants for all unpaid overtime compensation; an additional equal amount as liquidated damages; interest, including pre-judgment interest; costs; attorney's fees; and any other relief to which he may be entitled.

## VI.  Count II - Unpaid Wages
### (Against G & S Electrical of Northwest Florida, LLC)

26. Plaintiff realleges and incorporates herein paragraphs 1 through 15 and 18, above.

27. G & S failed to compensate plaintiff for all of his work at the parties' agreed upon rate.

28. G & S breached its duty to pay plaintiff for all of his hours worked at the agreed upon rate.

29. Plaintiff has performed all conditions precedent to be performed by him or the conditions have occurred or have been waived.

30. Plaintiff has been required to hire an attorney to assist him in order to collect the wages which are owed to him.

WHEREFORE, plaintiff demands judgment against G & S Electrical of Northwest Florida, LLC for unpaid wages, interest (including pre-judgment interest), costs, attorney's fees, and any other relief to which he may be entitled.

[Remainder of Page Intentionally Blank]

*Plaintiff demands jury trial on all issues contained in this Initial Complaint which are so triable.*

                                            Respectfully submitted,

                                            <u>s/Bradley S. Odom</u>
                                            Bradley S. Odom, Esq.
                                            Florida Bar Number:   932868
                                            ODOM LAW GROUP, P.A.
                                            1800 North "E" Street
                                            Pensacola, Florida  32501
                                            (850) 434-3527
                                            Attorney for Plaintiff
                                            email@odomlawgroup.net